**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAMIEN DWAYNE OLIVE,<br><br>          Plaintiff,<br><br>     v.<br><br>KELLY HARRINGTON, et al.<br><br>          Defendants. | Case No.: 1:15-cv-01276-BAM (PC)<br><br>SCREENING ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Damien Dwayne Olive ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.) Plaintiff's complaint, filed August 20, 2015, is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.  Plaintiff's Allegations

Plaintiff is currently incarcerated at Kern Valley State Prison. The events in the complaint are alleged to have occurred while Plaintiff was incarcerated at California Substance Abuse Treatment Facility ("CSATF"). Plaintiff names the following defendants, all of whom are employed by California Department of Corrections and Rehabilitation ("CDCR"): (1) Kelly Harrington, Director of Corrections; (2) Ralph Diaz, Deputy Director of Corrections; (3) Vincent Cullen, Assistant Deputy Director of Corrections; (4) Jeffery Beard, Secretary of Corrections; (5) Martin Hoshina, Undersecretary of Corrections, (6) Stu Herman, Warden of CSATF.

Plaintiff[1] alleges as follows:  CDCR and CSATF do not have a substantive transgender prisoner housing plan and policy intended to ensure transgender prisoner safety.  CDCR has instituted policies that designate certain state prisons for housing and treatment of transgender prisoners. Plaintiff alleges that a transgender inmate will not be assigned housing suitable for the safety of the transgender prisoner.

Plaintiff alleges that when a transgender person arrives at a state prison, they are housed with anon-transgender inmate, who may not approve of the transgender person's sexual orientation. Plaintiff alleges that transgender persons suffer victimization, as they may be pressed into sexual favors or sexual exploitation, or housed with the wrong inmate.  Plaintiff alleges that if a transgender person refuses to be housed as determined by correctional staff, regardless of the credible housing concern, that person suffers disciplinary action, including administrative segregation ("Ad-seg") or Security Housing Unit ("SHU").  CDCR and CSATF does not adhere to the Prison Rape Elimination Act of 2003 ("PREA") standards for individualized housing determinations and program placement for transgender inmates.

Plaintiff alleges that transgender prisoners are frequently the target of excessive harassing or humiliating public strip and pat down searches.  The right to privacy, even limited, is not adhered to because transgender inmates are forced to strip nude in front of male inmates.  The PREA requires that cross-gender strip searches should not happen.  Transgenders have strong cross-gender identification of the opposite sex and often suffer from Gender Identity Disorder which is a medically recognized disorder and has significant emotional, mental, and other medical conditions associated with it.  (Doc. 1, p. 6 of 31.)  Strip searches in front of male prisoners have devastating effect on transgender persons.

CDCR policy denies transgenders the right to private shower facilities and compels transgenders to shower in view of male prisoners.  This endangers transgenders to unwanted sexual advances.  Plaintiff alleges there are about twelve transgender prisoners within CSATF.  Some, including plaintiff, have requested to use private showers, but have been denied and told to use the

---

[1] The Court assumes, for the purposes of this screening order, that Plaintiff is a transgender inmate, and refers to Plaintiff in the feminine gender. Plaintiff does not, however, specifically identify herself as such in the complaint. If she decides to file an amended complaint, Plaintiff is advised that she must set forth all elements of her claims, including her identification as a transgender inmate.

showers at other times during the day, which times expose the transgender person to potentially predatory conduct. Plaintiff claims these policies are violations of the right of privacy and is deliberately indifferent to the substantial right of harm to a transgender prisoner.

Plaintiff seeks a declaration of rights, and injunction to compel CDCR and CSATF to stop the current housing practices, cease current search policies, change the transgender housing and for other relief as the court deems proper.

### III.     Deficiencies of Complaint

#### A.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to link defendants to any constitutional violation. If Plaintiff elects to amend her complaint, she must state what each person did or did not do which caused an alleged violation of her Constitutional rights.

#### B.     Standing

Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). To have Article III standing, a plaintiff must plead and prove that he or she has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. See Clapper v. Amnesty Int'l, 133 S.Ct.

1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997))). To establish Article III standing, a plaintiff must establish: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that this injury is fairly traceable to the challenged action of the defendant; and (3) that this injury is redressable by a favorable ruling from the court. See Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010); Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).

Plaintiff does not allege any facts from which the Court can determine whether she has standing to assert her claims. Plaintiff challenges the CSATF practice of routinely placing transgender inmates, without regard to their safety, in cells with non-transgender inmates, and of placing transgender inmates in Ad–Seg or the SHU if they complain of the placement. Plaintiff, however, does not allege that she was housed with a non-transgender inmate upon transfer to CSATF, that she objected to the placement, that she was injured by a non-transgender inmate, or that she was placed in Ad–Seg or SHU for a long period of time following objection to the housing placement. Without such allegations, the Court cannot determine if Plaintiff has alleged any injury as a result of the challenged practices. Plaintiff also fails to allege facts asserting her standing to challenge the other policies. Further, Plaintiff is limited to seeking relief for herself, and may not pursue claims on behalf of other inmates. A "plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties." Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). Plaintiff will be granted leave to amend.

### C. Supervisory Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act

5

1  to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d
2  1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).
3        However, supervisory liability may exist without any personal participation if the official
4  implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and
5  is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435,
6  1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer
7  v. Brennan, 511 U.S. 825 (1970). To premise a supervisor's alleged liability on a policy promulgated
8  by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between
9  that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378,
10 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); OSU Student Alliance v. Ray, 699 F.3d 1053, 1076
11 (9th Cir. 2012) ("§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates,
12 promulgates, implements, or in some other way possesses responsibility for the continued operation of
13 a policy the enforcement (by the defendant-supervisor or her subordinates) of which" causes a
14 constitutional deprivation.) For a policy to be the moving force behind the deprivation of a
15 constitutional right, the identified deficiency in the policy must be closely related to the ultimate
16 injury. Long, 442 F.3d at 1189. Plaintiff must allege that the injury could have been avoided had
17 proper policies been implemented.
18       Plaintiff names various individuals as Defendants who hold supervisory level positions within
19 the CDCR. However, Plaintiff is advised that a constitutional violation cannot be premised solely on
20 the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants
21 participated in or directed conduct associated with his claims. Plaintiff has not alleged that any
22 Defendant instituted a deficient policy, or shown that such a policy was the moving force behind a
23 deprivation of her constitutional rights, or that her injury could have been avoided with proper
24 policies. Plaintiff will be granted leave to amend, to the extent she can do so in good faith.
25       **D.    The Prison Rape Elimination Act of 2003**
26       Plaintiff invokes the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601, as a basis for
27 relief.  The Prison Rape Elimination Act, however, does not create a private right of action. Bell v.
28 County of Los Angeles, 2008 WL 4375768 (C.D.Cal.2008); Inscoe v. Yates, 2009 WL 3617810

(E.D.Cal.2009). Rather, the Prison Rape Elimination Act was enacted to study the problem of prison rape. Pirtle v. Hickman, 2005 WL 3359731 (D.Idaho 2005). Nothing in the Act suggests that it created a private right of action, enforceable under section 1983. See Blessing v. Freestone, 520 U.S. 329, 340–41 (1997) (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously imposed a binding obligation on the States" by using "mandatory, rather than precatory, terms"). The Act in itself contains no private right of action, nor does it create a right enforceable under Section 1983. Plaintiff thus fails to state a federal section 1983 claim based on a violation of the Prison Rape Elimination Act.

### E. Official Capacity Claims

Under Section 1983, Plaintiff may seek prospective injunctive relief against a defendant in his official capacity. See Thornton v. Brown, 757 F.3d 834, 839 (9th Cir.2013) (citing cases). "Official-capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (citing, inter alia, Monell v. Dept. of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 n.55 (1978)).

As the Ninth Circuit Court of Appeals explained in Hartmann v. CDCR, 707 F.3d 1114, 1127 (9th Cir.2013):

> A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. See id.; Graham, 473 U.S. at 166. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief. See L.A. Cnty. v. Humphries, 562 U.S. 29 (2010); Hafer [v. Melo], 502 U.S. [21] at 25 [1991].

A defendant in a suit to enjoin an allegedly unconstitutional practice must be able to appropriately respond to court-ordered injunctive relief if the plaintiff prevails. Plaintiff's complaint fails to assert that any of the named Defendants has the ability to appropriately respond to court-ordered injunctive relief.

**F.      Eighth Amendment Conditions of Confinement**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. 465 F.3d at 1045 (citations omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Id; Hope v. Pelzer, 536 U.S. 730, 737 (2002). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998). Although inmates, have a "limited right to bodily privacy," Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988), the Eighth Amendment protects inmates from repetitive and harassing searches, and from sexual abuse, Schwenk v. Hartford, 204 F.3d 1187, 1196-1197 (9th Cir. 2000).

Plaintiff here alleges the existence of a practice of routinely placing transgender inmates in cells with non-transgender inmates, a practice of uniform shower times and of invasive bodily searches.  Plaintiff's allegations are broad brush, generalizations of potential scenarios not found in concrete facts.  The allegations are conclusory lacking in factual support. Plaintiff will be given leave to amend.  But Plaintiff must allege facts demonstrating that she has standing.

**G.      Fourteenth Amendment Equal Protection Claim**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir.2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir.2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir.2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or that similarly situated individuals were intentionally treated differently, Engquist v.

1  Oregon Department of Agr., 553 U.S. 591, 601–02 (2008); Village of Willowbrook v. Olech, 528 U.S.
2  562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir.2008); North Pacifica
3  LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir.2008). Discrimination on the basis of transgender
4  status is subject to intermediate scrutiny. Norsworthy v. Beard, 87 F.Supp.3d 1104, 1119
5  (N.D.Cal.2015). See also SmithKline Beecham Corp. v. Abbott Labs., 740 F.3d 471, 481 (9th
6  Cir.2014) (holding that United States v. Windsor, ––– U.S. –––, 133 S.Ct. 2675 (2013) "requires that
7  heightened scrutiny be applied to equal protection claims involving sexual orientation").

8       Plaintiff fails to sufficiently allege the existence of a practice that treats transgender inmates
9  differently from the rest of the prison population. However, the exhibits to the complaint state that
10 Plaintiff believes that transgender persons are not able to select housing cellmates, but other inmates
11 are allowed to select suitable cellmates.  The Court is not required to search exhibits to a complaint to
12 locate potentially cognizable claims.  Therefore, Plaintiff will be granted leave to amend to more
13 clearly assert her Equal Protection claim.  But, Plaintiff must allege facts showing her standing, as
14 discussed above.

15      **H.  Injunctive Relief**

16 Plaintiff seeks injunctive relief against the officials at the CSATF, for herself and other
17 inmates. However, she is no longer housed there, and is instead currently incarcerated at Kern Valley
18 State Prison. As a result, her claim for injunctive relief against the officials employed at CSATF is
19 moot. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for
20 injunctive relief is rendered moot when he is transferred from the institution whose employees he
21 seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

22 **IV.     Conclusion and Order**

23      For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be
24 granted. Plaintiff is granted leave to file an amended complaint within **thirty (30) days**. Noll v.
25 Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by
26 adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir.
27 2007) (no "buckshot" complaints).

28

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed August 20, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and
4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   **September 14, 2016**         /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE